UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ROSE EXPOSE, | No. 2:21-cv-01036 JAM AC (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I.  Screening**

A.  Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

(1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B. The Complaint

Plaintiff categorizes the complaint as one for wrongful foreclosure, unlawful detainer, and intentional infliction of emotional distress. ECF No. 1 at 5-6. The substance of the complaint, however, is an argument that Small Claims Court does not have jurisdiction to determine the right of possession involving a title dispute and therefore cannot adjudicate an unlawful detainer

action. Id. at 7. Plaintiff states that there are two active federal cases, listed as "(case# CV-19-00S329) and UD-19-19 001533 should be dismiss)," and asks this court to enjoin pending state court cases until these outstanding federal cases are resolved. Id. Although plaintiff asserts federal question jurisdiction, this action is clearly brought as a second attempt at the removal of an unlawful detainer action proceeding in state court.

C. Analysis

The complaint must be dismissed with prejudice because this court lacks jurisdiction to hear plaintiff's challenge to the unlawful detainer action. Federal courts are courts of limited jurisdiction. Federal question jurisdiction is set forth in 28 U.S.C. § 1331. See 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 386 (1987). Federal question jurisdiction therefore cannot be based on a defense, counterclaim, crossclaim, or third-party claim raising a federal question. See Vaden v. Discover Bank, 556 U.S. 49 (2009); Hunter v. Philip Morris USA, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

Despite plaintiff's assertion of federal question jurisdiction, it is clear the complaint itself seeks only to enjoin and receive damages for the state court unlawful detainer action. The complaint therefore relies solely on California state law and does not state any claims under federal law. Plaintiff's references 18 U.S.C. 1331 (presumably intended to be 28 U.S.C. 1331, the Federal Question jurisdiction statute), Article III of the U.S. Constitution, and the Supreme Court opinion in Hagans v. Lavine, 415 U.S. 528, 531 (1974), are inapposite; none of these authorities confer jurisdiction over this action. ECF No. 1 at 4. Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc., 482 U.S. at 386. For plaintiff's suit to "arise under" federal law, the "statement of [their] own cause of action" must "show[ ] that it is based upon [federal law]." See Vaden, 556 U.S. at 60–62. This action is a second attempt at delaying an unlawful detainer action and there is no federal jurisdiction.

1        Further, this case must be dismissed with prejudice because it is duplicative of another

2 ongoing case in this district, U.S. National Bank Association v. Linda Rose Expose, 2:21-cv-

3 01055 KJM JDP ("Expose I").  Though Expose I is the removed unlawful detainer case, plaintiff

4 seeks the same relief: injunction of the state court unlawful detainer proceedings.  Expose 1, ECF

5 No. 1 at 2.  Indeed, the pleadings in both cases are identical.  The district court has the power to

6 control its docket, including the power to dismiss claims that are duplicative of claims presented

7 in other cases.  M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th Cir. 2012) (affirming

8 district court's dismissal of claim presented in a separate case).

> To determine whether a suit is duplicative, we borrow from the test for claim preclusion.  As the Supreme Court stated in The Haytian Republic, "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894).

13 Adams v. California Dep't of Health Servs., 487 F.3d 684, 688–89 (9th Cir. 2007), overruled on

14 other grounds by Taylor v. Sturgell, 553 U.S. 880 (2008).

15        The Ninth Circuit clarified in Adams that "in assessing whether the second action is

16 duplicative of the first, we examine whether the causes of action and relief sought, as well as the

17 parties or privies to the action, are the same."  Id.  "A suit is deemed duplicative if the claims,

18 parties and available relief do not vary significantly between the two actions."  Shappell v. Sun

19 Life Assur. Co., No. 2:10-CV-03020-MCE, 2011 WL 2070405, at *2 (E.D. Cal. May 23, 2011).

20 To assess whether successive causes of action are the same, courts utilize the "transaction test, "

21 which requires consideration of four criteria: (1) whether the rights or interests established in the

22 initial action would be impaired by prosecution of a second suit; (2) whether substantially the

23 same evidence would be presented in both actions; (3) whether both suits involve infringement of

24 the same right; and (4) whether both suits arise out of the same transactional nucleus of facts.

25 Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir.1982).  The last factor has

26 been deemed the most important.  Id. at 1202.

27        Here, all elements are met.  The parties are the same in both suits.  The suits arise out of

28 and seek to enjoin the same unlawful detainer action.  With two separate lawsuits based on the

same incident and involving the same parties, it is axiomatic that the cases will involve substantially the same evidence and that a decision in one case would impair the prosecution of the other.  Thus, the elements of the transaction test are satisfied.  "It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."  M.M., 681 F.3d at 1091 (9th Cir. 2012).  This case is duplicative of the case pending at 2:21-cv-01055 KJM JDP.  In the interest of the competent administration of justice and judicial economy, it must be dismissed with prejudice in favor of the prosecution of the earlier filed lawsuit.

## II.  Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED with prejudice because the court lacks jurisdiction and because it is duplicative of another case pending in this district.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  June 16, 2021.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE